IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE PACKAGING, INC., an Illinois corporation, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| | ) Case No. 15-cv-1414 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) **JURY TRIAL DEMANDED** |
| ADVANCE ANALYTICAL TESTING LABORATORIES, INC., a New Jersey corporation, ADVANCED ANALYTICAL TESTING LABORATORIES, LLC, a New Jersey limited liability company, and KRISHNA CHIVUKULA, an individual, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Bruce Packaging, Inc. ("Plaintiff") brings this Class Action Complaint against Defendants Advance Analytical Testing Laboratories, Inc. ("Advance Inc."), Advanced Analytical Testing Laboratories, LLC ("Advanced LLC"), and Krishna Chivukula (collectively "Defendants"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### I.  NATURE OF THE ACTION

1.  Defendants Advance Inc. and Advanced LLC offer several laboratory-testing services, such as water and gas testing. Defendant Krishna Chivukula is the executive for Defendant Advance Inc. and the member-manager of Defendant Advanced LLC. In an effort to market their common products and services, Defendants sent unsolicited junk faxes in bulk –

"fax blasts" – to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the marketer – the sender of the fax – to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

3. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, an award of statutory damages to the Class members under the TCPA, and an award of damages for conversion, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States. Further, this Court has diversity jurisdiction under 28 U.S.C. § 1332(d) because: (a) at least one member of the putative class is a citizen of a State different from Defendants; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs' and (c) none of the exceptions under that subsection apply to this action.

5. This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Defendants, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III.    PARTIES

*Plaintiff*

7. Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendant*

8. Defendant Advance Inc. is a corporation organized in and existing under the laws of the State of New Jersey with its principal place of business in Middlesex County, New Jersey. For purposes of 28 U.S.C. § 1332, Advance Inc. is a citizen of the State of New Jersey.

9. The corporate executive of Advance Inc. is Krishna Chivukula.

10. Defendant Advanced LLC is a limited liability company organized in and existing under the laws of the State of New Jersey with is principal place of business in Middlesex County, New Jersey. Advanced LLC has three members:

   a. Krishna Chivukula, an individual and citizen of the State of New Jersey;

   b. Jagdamea Chivukula, an individual and citizen of the State of New Jersey; and

   c. Rajshri Chivukula, an individual and citizen of the State of New Jersey.

11. For purposes of 28 U.S.C. § 1332, Advanced LLC is a citizen of the State of New Jersey.

12. Defendants Advance Inc. and Advanced LLC share the same office located at 525 Milltown Road, North Brunswick, New Jersey 08902-3317.

13. Defendants Advance Inc. and Advanced LLC offer the same services.

14. Defendants Advance Inc. and Advanced LLC share the same officers and/or members.

15. On information and belief, Defendants Advance Inc. and Advanced LLC do not observe corporate formalities, as demonstrated in the faxes attached as Exhibits A-C.

16. In Exhibits A-C, the sender is identified as "Advanced Analytical Testing Laboratories, Inc."

17. However, "Advanced Analytical Testing Laboratories, Inc." is not an entity.

18. Rather, "Advanced Analytical Testing Laboratories, Inc." is a combination of Defendants Advance Inc.'s and Advanced LLC's names.

19. On information and belief, Advance Inc. functions as the alter ego of Advanced LLC and *vice versa*.

### IV.     FACTUAL BACKGROUND

20. Starting in or around January 2013, Plaintiff received the unsolicited fax advertisements attached as Exhibits A-C. Discovery may reveal the transmission of additional faxes.[1]

21. The faxes do not contain an opt-out notice, as required by § 227(b)(2)(D).

22. The faxes provide the following website: www.advancedanalyticallabs.com. (*See* Exhibit D.)

23. The website was originally registered by "Advanced Analytical" located at "525 Milton [*sic*] Road, North Brunswick, New Jersey 08902" on May 30, 2008 (*See* Exhibit E.)

24. As of October 19, 2014, the website is still registered by "Advanced Analytical."

---

[1] Plaintiff notes that the ticker information on the faxes state different dates. The tickers, however, are inaccurate.

25. The website lists the owner's name as "Advanced Analytical Testing Laboratories, Inc." located at "525 Milltown Road, Suite 403-404, North Brunswick, New Jersey 08902." (*See* Exhibit D.)

26. However, according to the New Jersey Department of the Treasury, there is not a corporation registered with the name "Advanced Analytical Testing Laboratories, Inc."

27. Rather, the entities located at 525 Milltown Road, Suite 403-404, North Brunswick, New Jersey 08902 are Defendants Advance Inc. and Advanced LLC.

28. Accordingly, Defendants Advance Inc. and Advanced LLC use the name "Advanced Analytical Testing Laboratories, Inc." to conduct business and operate as one entity.

29. On information and belief, Defendants employ 1-5 employees, including Krishna Chivukula, who serves in an executive or managerial role for both Defendants.

30. On information and belief, Krishna Chivukula was at all times relevant involved in the marketing of Defendants' services and products.

31. On information and belief, Krishna Chivukula personally approved, authorized and participated in the sending of the faxes by:

    a. ordering a list of potential customers' fax numbers to be purchased or compiled;

    b. instructing or overseeing Defendants' employees or third parties who designed and sent the faxes; and

    c. developing or approving Defendants' fax marketing campaigns.

32. Accordingly, Krishna Chivukula is personally liable under 47 U.S.C. § 217 for Defendants' violations of the TCPA, which provides a private right of action against "any person."

33. Defendants sent the faxes and/or are responsible, as a matter of law, for the actions of the individuals who sent the faxes.

34. Defendants' products and services were advertised in the faxes, and Defendants derived an economic benefit from the transmission of the faxes.

35. Plaintiff had no prior relationship with Defendants and did not consent to the receipt of the above-referenced (or any) fax advertisements from Defendants.

36. On information and belief, the faxes attached as Exhibits A-C were transmitted as part of mass broadcastings, or "blasts," of faxes.

37. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

## V. CLASS ALLEGATIONS

38. Plaintiff brings Counts I and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **Unsolicited Fax Class ("Class One")**
> All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendants Advance Analytical Testing Laboratories, Inc. and Advanced Analytical Testing Laboratories LLC.

Excluded from Class One are: Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

39. Plaintiff brings Count II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **Opt-out Notice Class ("Class Two")**
> All individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Defendants Advance Analytical Testing Laboratories, Inc. and Advanced

>Analytical Testing Laboratories LLC with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are: Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

40. "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

41. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

43. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a. whether Defendants engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

    b. the manner in which Defendants compiled or obtained their list of fax numbers;

    c. whether Defendants violated the TCPA;

    d. whether Plaintiff and the Class members had a right to the use of their fax machines, paper, and ink or toner;

    e. whether Defendants wrongfully assumed control over Plaintiff's and the Class members' fax machines, paper and ink or toner;

    f. whether Defendants converted to their own use Plaintiff's and the Class members' fax machines, paper, and ink or toner;

    g. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    h. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

    i. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

44. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

45. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

46. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

47. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## V. CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Class One)

48. Plaintiff incorporates by reference paragraphs 1-47 as if fully set forth herein.

49. Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

50. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and Class One.

51. As a result of Defendants' unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a

violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## COUNT II
### Insufficient Opt-out Notice in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)
### (On Behalf of Class Two)
### (In the Alternative to Class One)

52. Plaintiff incorporates by reference paragraphs 1-47, <u>except</u> as otherwise stated herein.

53. In the alternative to Class One and assuming Plaintiff and Class Two consented to receive facsimile advertisements from or had an established business relationship with Defendants, Defendants' faxes violate the TCPA because they fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D).[2]

54. Because there is no notice *at all* in the faxes, a notice does not:

   a. appear clearly and conspicuously on the first page of the fax, as required by § 227(b)(2)(D)(i);

   b. state that the recipient may submit a request to opt-out of receiving future faxes, as required by § 277(b)(2)(D)(ii);

   c. state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

   d. set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

   e. include a domestic telephone and fax number for the recipient to submit an opt-out request, as required by § 227(b)(2)(D)(iv)(I);

   f. include a cost-free mechanism to transmit the request, as required by § 227(b)(2)(D)(iv)(II); and

---

[2] *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013), *reh'g denied (Sept. 24, 2013), cert. denied sub nom. Turza v. Holtzman*, 134 S. Ct. 1318 (2014) ("Even when the [TCPA] permits fax ads – as it does to persons who have consented to receive them, or to those who have established business relations with the sender – the fax must tell the recipient how to stop receiving future messages.") (citing the opt-out provisions of the TCPA).

  g. comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

55. As a result of Defendants' unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## COUNT III
### Conversion
### (On Behalf of Class One)

56. Plaintiff incorporates by reference paragraphs 1-47 as if fully set forth herein.

57. By sending unsolicited faxes to Plaintiff and the other Class One members, Defendants converted to their own use Plaintiff's and the other Class One members' paper, ink or toner, and the their fax machines components.

58. When Plaintiff's and the other Class One members' fax machines printed the unsolicited faxes, their fax machine's components, ink or toner, and paper were used.

59. This loss of use constitutes an asset of economic value paid for by Plaintiff and the other Class One members when they acquired their fax machines and its ink or toner.

60. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the Class One members owned and had an unqualified and immediate right to the possession of the paper, ink or toner, and the components of the fax machines used to print the faxes.

61. By sending the unsolicited faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.

62. Furthermore, Plaintiff's and Class One's fax machine components suffered wear and tear when they were appropriated by Defendants to print their unsolicited faxes.

63. Such appropriation was wrongful and without authorization.

64. Defendants knew or should have known that such appropriation of the paper, ink or toner, and fax machine components was wrongful and without authorization.

65. Plaintiff and the other Class One members were deprived of the paper, ink or toner, loss of performance of their fax machine components.

66. Accordingly, Plaintiff and the other Class One members suffered damages as a result of receipt of the unsolicited faxes.

## VI. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Bruce Packaging, Inc., individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Bruce Packaging, Inc. as the representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding actual and statutory damages;

C. Enjoining Defendants from sending unsolicited facsimile advertisements with deficient opt-out notices;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: February 16, 2015           Respectfully submitted,

                                        BRUCE PACKAGING, INC., individually and on behalf of all others similarly situated

                                        By: */s/ Joseph J. Siprut*
                                                  One of the Attorneys for Plaintiff
                                                  And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260

4826-5840-9504, v. 2